IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| TETHRD, LLC, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:24-cv-00076 |
| | ) | |
| CRUZR SADDLES LLC, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
|    Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is a patent infringement case between two competitors in the saddle-hunting equipment market. Pending before the Court is Defendant's motion (Doc. No. 38) seeking dismissal of the First Amended and Supplemental Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff opposes the motion (Doc. No. 43), accurately observing that it challenges the merits of the dispute based on extra-pleading documents. In its reply, Defendant suggests that references to pre-lawsuit communications in the First Amended and Supplemental Complaint make the extra-pleading documents reviewable for purposes of Rule 12(b)(6). (Doc. No. 45). For the reasons stated herein, the motion is **DENIED**.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). When determining whether the complaint meets this standard, the Court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Moreover, the Court must determine only whether "the claimant is entitled to

offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); *see also Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) (noting that, in patent infringement cases, "[t]he level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device"). And "[w]hile the complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions" or "a formulaic recitation of a cause of action's elements[.]" *Blackwell*, 979 F.3d at 524 (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

While the Court's decision to grant or deny a motion to dismiss "rests primarily upon the allegations of the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint [ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citation and internal quotations omitted). The Court may also consider "exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (citation omitted). Rule 12(d) states that if, "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Luis v. Zang*, 833 F.3d 619, 632 (6th Cir. 2016).

Here, the Court will not consider the two extra-pleading documents, (Doc. Nos. 39-1 and 39-2), in ruling on the present motion because neither of them is referenced in the First Amended

and Supplemental Complaint. Moreover, even if the Court considered the documents for the instant motion, Defendant still uses them to argue the merits of the case, not whether Plaintiff has pleaded a claim upon which relief can be granted. Defendant also asks the Court to construe the information in the documents in the light most favorable to itself, which the Court cannot do under the applicable 12(b)(6) standard. Without much difficulty, the Court denies Defendant's motion.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE